**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jaime ALARCON–HERNANDEZ, a.k.a. Jaime Alarcon, Defendant–Appellant.**

**No. 12–10606.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Dec. 19, 2013.

Erica Leigh Seger, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

ed by 9th Cir. R. 36–3.

Jaime Alarcon, Mark Willimann, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

MEMORANDUM **

Jaime Alarcon–Hernandez appeals from the district court's judgment and challenges the 46–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Alarcon–Hernandez contends that the district court erred by determining that his prior conviction for attempted second-degree sexual assault constitutes an aggravated-felony conviction under 8 U.S.C. § 1101(a)(43)(A) that bars him from eligibility for a departure under U.S.S.G. § 2L1.2 cmt. n. 7. Even if the district court erred in its aggravated-felony determination, it understood that it had the discretion to sentence Alarcon–Hernandez outside of the advisory Guidelines range but declined to do so in light of the 18 U.S.C. § 3553(a) sentencing factors. Alarcon–Hernandez does not contend that the district court imposed a substantively unrea-

sonable sentence, nor would such a contention be availing on this record. Thus, we identify no basis for reversing. *See United States v. Vasquez–Cruz*, 692 F.3d 1001, 1005 (9th Cir.2012) ("[A]ny erroneous application of [a] departure would be harmless so long as the sentence actually imposed was substantively reasonable.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

